[Crim. No. 3217.   Third Dist.   Nov. 9, 1961.]

THE PEOPLE, Respondent, v. ANDREW HERBERT GONZALES, Appellant.

Douglas C. Busath, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, and Doris H. Maier, Assistant Attorney General, for Respondent.

PIERCE, J.—Defendant appeals from a judgment upon a jury's verdict of guilty of violation of Health and Safety Code section 11500 (possession of heroin).

Douglas C. Busath, Esq., this court's appointed attorney for appellant (at latter's request) after a study of the record filed a letter with this court, dated July 11, 1961, finding no error, excepting two instances of possible misconduct of the district attorney, noted below. We have examined the record, consider the instances of error cited insubstantial (and appellant's counsel does not strenuously contend otherwise), find no other error, find further that appellant had a fair trial, find that his guilt has been proven beyond reasonable doubt and that there has been no miscarriage of justice within the meaning of article VI, section 4½, of the California Constitution.

The relevant facts follow: On June 15, 1960, a search for narcotics was made of the cell at Folsom State Prison occupied by appellant and another prisoner, and seven capsules of a substance later identified as heroin were found in the pocket of a shirt belonging to appellant. Two prison officials then interviewed appellant who freely admitted the capsules were his, that they contained heroin and that they were part of 30 capsules he had brought into the prison upon his incarceration five days before. He said they had been secreted in a rectal rubber "finger stall."

Appellant, a witness on his own behalf, admitted the confession, but testified it was untrue. He produced a fellow inmate who "confessed" he was the owner of the heroin which he claimed to have cached in the pocket of a shirt

selected at random from a pile of shirts in the clothing room 8 months before appellant's arrival at the prison. It would have required great credulity to believe this story which was rebutted by testimony establishing with some certainty that the shirts issued to appellant could not have come from the claimed pile.

It is unnecessary to recount the evidence in greater detail. The jury concluded that appellant had truthfully told the prison officials that the capsules of heroin were his and that the defense was a fabrication. Rationally it could not have concluded otherwise.

During his closing argument the district attorney said: "... I was interested to see that Mr. McDonell [defendant's attorney] did not argue the credibility of his witnesses ... not once did Mr. McDonell say whether he thought they were telling the truth." This was objected to and the objection properly sustained. The remarks of the district attorney were stricken from the record and the jury was instructed to disregard them.

During the same argument the district attorney also stated: "You can't have any feeling of sympathy and you can't take into consideration the penalty because as a matter of fact it is not going to make much difference anyway." Again the remark was stricken, the jury admonished by the court.

Regarding the first statement, it is not the function of an attorney to assert personal beliefs regarding the veracity of his client or of his client's witnesses; in fact it is improper for him to do so.* This being so the district attorney's comment upon the failure of defendant's counsel to commit an impropriety was itself one.

Regarding the second claim of misconduct: Since, under the specific offense charged in this case, the jury had no power or duty to fix or recommend a penalty and the court properly instructed the jury not to discuss or consider the penalty or punishment (giving CALJIC Instruction No. 9) it was proper for the district attorney to state in his argument "you can't take into consideration the penalty," but it was improper for him to add: "because as a matter of

---

*Canon 15, Canons of Professional Ethics, American Bar Association reads in part as follows: "It is improper for a lawyer to assert in argument his personal belief in his client's innocence or in the justice of his cause."

Rule 1 of Rules of Professional Conduct of The State Bar of California specifically commends these canons to the members of The State Bar.

fact it is not going to make much difference anyway." This, in effect, told the jury it *should* take into consideration the very thing forbidden—the punishment to be meted out. While in these two instances the conduct of the district attorney is not to be commended, neither can it be said to constitute prejudicial misconduct under the circumstances of this case, the prosecution of which by this district attorney was, in other respects, completely free from any suggestion of impropriety. The effect of the above statements upon the jury could not have affected the result. The evidence of appellant's guilt was overwhelming. There has been no miscarriage of justice.

The judgment is affirmed.

Peek, P. J., and Schottky, J., concurred.

